IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | |
|---|---|
| JOHN DOE<br><br>  Plaintiff,<br><br>v.<br><br>RHODES COLLEGE,<br><br>  Defendant. | Docket No. 2:19-cv-02336-JTF-tmp |

## SWORN DECLARATION OF MILTON MORELAND

I, Milton Moreland, hereby state, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the factual statements contained herein are made of my personal knowledge and are true and correct.

1. I am over the age of 18.

2. I am currently employed as the Provost and Vice President of Academic Affairs at Rhodes College. In my role as Provost and Vice President of Academic Affairs, I oversee Title IX matters and graduation policy at Rhodes College.

3. John Doe (hereafter "Plaintiff") was a student at Rhodes College. I was not personally familiar with Plaintiff. However, I am familiar with the report of sexual assault against Plaintiff, the results of the independent investigation and Sexual Misconduct Hearing Board, and Plaintiff's resulting expulsion from Rhodes College.

4. Plaintiff has not fulfilled the requirements to receive a degree from Rhodes College. He has not completed his individual class requirements, did not conform to the regulations of the College, and is not in good standing with the College. To the contrary, he was expelled prior to completing his last semester. Rhodes College's Accreditation and

EXHIBIT A

General Policies states that attendance at Rhodes College is a privilege that "may be forfeited at any time by any student who refuses or fails to conform to the regulations and standards of the College, or who is unwilling to adjust to the College's traditions and environment."

5. As a courtesy, Rhodes College allowed Plaintiff to complete certain aspects of his Spring 2019 semester classes after the adjudication of the Title IX charges against him and during his on-campus appeal. This courtesy was extended to mitigate the effect on Plaintiff if the decision was ultimately reversed. However, Plaintiff was expelled before the end of the semester. As such, Plaintiff received a grade of "W" in all of his Spring 2019 courses. Additionally, Plaintiff did not deliver a required class presentation in his RELS 301 course.

6. If Plaintiff received a court order allowing him to re-enroll at Rhodes during the summer, there are no classes offered during the summer that would satisfy Plaintiff's course requirements to graduate. Plaintiff's three classes from the Spring 2019 semester are not being offered during the Summer 2019 semester.

7. Separate from any course requirements, it is a fundamental academic premise that students at Rhodes who have been expelled are not eligible to graduate.

    a. Per Rhodes College's Title IX Procedures, students found to have violated the institution's Title IX policies may be expelled "at any time before a diploma is awarded." (Section VII.B.)

    b. Per Rhodes College's Student Handbook, students who violate College policies could face expulsion, which is defined as a permanent separation from Rhodes College.

    c. Moreover, Rhodes has a process in place to confirm standing prior to graduation for students, including verifying they are in good standing, do not have outstanding debt to the College, and do not have pending disciplinary matters against them. For the latter category, Rhodes has a practice that the student conduct and Title IX officers will notify the registrar if any matters are pending against a student that would make them ineligible for graduation.

8. Rhodes College has policies that hold students to high standards of moral character.

    a. Students are required to uphold the tenets of the Rhodes College Honor System, which holds all students personally responsible for their actions. They are bound to act with honor and integrity and to live ethically during their time at Rhodes College.

    b. The Rhodes College Student Handbook requires all students to demonstrate personal concern for one another. Any "actions or attitudes that undermine" the Rhodes "climate of trust, concern, and respect" are unacceptable.

9. Based on the findings of the neutral Sexual Misconduct Hearing Board, Plaintiff failed to adhere to Rhodes College's personal and academic standards.

10. Separate and apart from any disciplinary measures taken by the Hearing Board, Plaintiff also failed to comply with the above moral standards, which are academic graduation requirements.

11. In addition to the academic criteria explained above, students are not entitled to graduate from Rhodes College while disciplinary processes are pending against them. Setting aside any questions about the Title IX matter currently before the Court, there is a second Title IX claim pending against Plaintiff, which was placed on hold while the first Title IX

matter was adjudicated. The second Title IX claim would need to be resolved before Plaintiff would be eligible to graduate.

12. Determining who is eligible to graduate and receive a degree from Rhodes College is a core academic matter that transcends the issue of whether a student completes classwork. While Plaintiff has been expelled for a Title IX violation, and has a second Title IX case pending against him, Plaintiff is not eligible for a Rhodes College Degree.

So sworn on this 5TH day of June, 2019.

_____
Milton Moreland