IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:19-cv-02336-JTF-tmp |
| ) | |
| RHODES COLLEGE, ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT RHODES COLLEGE'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Defendant Rhodes College ("Defendant" or "Rhodes") and hereby moves this Court to enter a protective order requiring Plaintiff to comply with FERPA and not publicly disclose other students' confidential and personally-identifying information.

### I.   INTRODUCTION.

Plaintiff John Doe was expelled from Rhodes for sexually assaulting an incapacitated and defenseless female student, and he is now lashing out by filing this lawsuit. In a public filing sure to humiliate and re-traumatize the victim, as well as other students who were involved in the underlying incident, Plaintiff has included numerous factual details in his Complaint which would enable an outside person to ascertain those students' identities. These factual allegations are based on confidential information that Plaintiff only received during the course of a student disciplinary proceeding and which he was prohibited from disclosing under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1234g ("FERPA") and the regulations promulgated thereunder. Though the proverbial genie is unfortunately already out of the bottle, this Court should enter a protective order prohibiting Plaintiff from including such confidential, sensitive and FERPA-

protected information in future public filings in this case. Defendant seeks to engage in a dialogue with Plaintiff and the Court about additional protective measures to respectfully guard students' confidentiality as this litigation proceeds.

## II.  STATEMENT OF FACTS.

On or about April 4, 2019, Rhodes' outside counsel prepared a Confidential Investigative Report (the "Report") regarding the February 14, 2019 sexual assault giving rise to this case. See Report, p. 1 (filed under seal by Plaintiff at Docket No. 19 as its Exhibit 2). The Report is addressed to the Title IX Coordinator for Rhodes, and it was originally provided to Plaintiff only for purposes of his disciplinary hearing arising out of the Title IX investigation. Id. at 1.  The cover page to the Report clearly describes Plaintiff's obligations to not re-disclose confidential aspects of the Report:

> *The information contained in this Report should only be used in connection with Rhodes' Title IX proceedings and should not be used in any manner inconsistent with Rhodes' Sex/Gender Discrimination and Sexual Misconduct Policy. The Report potentially contains **FERPA-protected information of more than one student**, and **no one may re-disclose another student's FERPA-protected information without consent, regulatory exemption, or for an improper purpose**. The Report, and the information in the Report, are not to be disseminated to anyone other than the parties, their advisors and supporters (**who, in turn, must not re-disclose the information**), and Rhodes' agents and employees involved in these proceedings. Any improper dissemination of other students' FERPA-protected information without consent could lead to sanctions under the Policy.*

Id. at 1 (bold and underlined emphasis added).

Despite the Report's express prohibition against improper re-disclosure of its contents, Plaintiff has publicized those contents in his publicly-filed Complaint and Amended Complaint. (Dkt. 1, 18, at ¶¶ 25, 77.) Numerous other allegations in Plaintiff's Complaint also quote heavily from the Report (though not expressly attributed), as well as describe the Report's substantive contents.  (See generally Dkt. 1, 18.)[1] Though the Complaint refers to various Rhodes students by

---

[1] In the interest of preserving what little privacy remains, Defendant will not identify which other paragraphs of the Complaint expressly quote from or reference the Report. If the Court desires, Defendant

their initials, the Complaint provides significant details that would enable an outside person to ascertain their identities, including the victim of Plaintiff's sexual assault. (See generally id.). Plaintiff has not obtained written consent from these students to disclose such information in a public filing.

### III.    ARGUMENT AND CITATION OF AUTHORITY.

FERPA gives students the right to control their educational records. All of FERPA's requirements revolve around the central term "education records," which is defined in the implementing regulations to be extraordinarily broad. "Education records" are defined to be "records that are: (1) Directly related to a student; and (2) Maintained by an educational agency or institution . . ." 34 C.F.R. § 99.3 (citing to 20 U.S.C. § 1232g at (a)(4)(A)). Student disciplinary records are "education records" subject to FERPA's confidentiality requirements. U.S. v. Miami Univ., 294 F.3d 797, 815 (6th Cir. 2002).

Under FERPA, an educational institution cannot disclose "personally identifiable information from [any] student's education records" without consent or a specific statutory exception. 34 C.F.R. § 99.30. Importantly, "personally identifiable information," or "P.I.I.," is not limited to only commonly-understood information, like a student's name, address and place of birth. Rather, P.I.I. expressly includes *any* information about a student that is "requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates." 34 C.F.R. § 99.3 ("Personally Identifiable Information" definition, at (g)). Additionally, an educational institution is prohibited from providing "information that, alone or in combination, is linked or linkable to a specific student that

---

is of course willing to identify these paragraphs specifically in a separate filing under seal.

would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." Id. at (f).

Under 34 C.F.R. § 99.33(a)(1), educational institutions are permitted to disclose a student's P.I.I. "on the condition that the party to whom the information is disclosed will not disclose the information to any other party without the prior consent of the parent or eligible student." See also Violence Against Women Act, 34 C.F.R. § 668.46(k).  In turn, the party receiving that information, as well as his agents and employees, are permitted to use that P.I.I. "only for the purposes for which the disclosure was made." 34 C.F.R. § 99.33(a)(2). In the absence of the required written consent(s), a party receiving educational records under such an arrangement may only re-disclose those records "after the removal of all personally identifiable information[,] provided that the . . . party has made a reasonable determination that a student's identity is not personally identifiable, whether through single or multiple releases, and taking into account other reasonably available information." 34 C.F.R. § 99.31(b)(1).

Here, Plaintiff's Complaint violates FERPA's re-disclosure regulations because it contains significant FERPA-protected P.I.I. about various Rhodes students (including the victim of Plaintiff's sexual assault) attributable to the Report. As contemplated under 34 C.F.R. § 99.33(a)(1) and 34 C.F.R. § 668.46(k), Rhodes only disclosed the Report to Plaintiff for the sole purpose of resolving his disciplinary proceeding, on the condition that he would not then improperly re-disclose its contents publicly. The cover page of the Report makes it abundantly clear that it contained confidential and sensitive FERPA-protected information, and that Plaintiff was expressly prohibited from disclosing its contents without the necessary student consent. Plaintiff has not obtained such consent.

Instead, he publicly cited to and quoted from the Report, revealing significant P.I.I. about numerous Rhodes students. Other than himself, Plaintiff refers to all involved Rhodes students by their initials. Given the significant press coverage the subject incident has already received, these students' initials, in combination with the other confidential information disclosed, would enable a reasonable person in the school community to ascertain their identities. The highly-personal details contained within the public Complaint are especially hurtful to the victim, the other students described in the Complaint, and their family and friends who already know the students' identities.

Perhaps most tellingly, Plaintiff refers to himself by a pseudonym rather than his own initials—a tacit admission about the revealing nature of such information. Despite taking measures to protect his own identity, he has cavalierly compromised the anonymity of his former classmates by disclosing their initials, as well as other sensitive and revealing information contained in the Report. Plaintiff's use of a pseudonym for himself is all the more glaring in light of the fact that—unlike the students he is outing—he has no privacy rights under FERPA in light of the fact that (i) he has initiated this lawsuit against Rhodes, and (ii) he has violated Rhodes' policy against sexual assault. See 34 C.F.R. §§ 99.31(a)(9)(iii)(B) and (14)(i).

Though Plaintiff has already compromised the privacy of these students, this Court should enter a protective order prohibiting Plaintiff from engaging in similar public filings in the future.

## IV.   CONCLUSION.

WHEREFORE, in the interest of safeguarding the legitimate privacy interests of the victim, as well as other students whose privacy Plaintiff has invaded, Defendant respectfully requests that this Court enter a protective order (i) requiring Plaintiff to file any substantive materials involving Rhodes students under seal and (ii) prohibiting Plaintiff from referring to any Rhodes students by their initials or other personally identifiable information in any future public filings. Defendant

5

seeks to engage in a dialogue with Plaintiff and the Court about additional protective measures to respectfully guard students' confidentiality as this litigation proceeds.

June 6, 2019.

Respectfully submitted,

By: */s/ Woods Drinkwater*
James A. Haltom (BPRN 28495)
Woods Drinkwater (BPRN 33838)
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue, North
Nashville, TN  37219
Phone: (615) 664-5307
E-Mail:  james.haltom@nelsonmullins.com
woods.drinkwater@nelsonmullins.com

## CERTIFICATE OF CONSULTATION

I hereby certify that the parties to this action were unable to reach an agreement regarding the issues raised and relief sought by this motion. Defendant's counsel of record Woods Drinkwater and co-counsel Dan Cohen (*pro hac vice* application pending) reached Plaintiff's counsel by e-mail on the evening of June 5, 2019 and the morning of June 6, 2019 ahead of the scheduled Temporary Restraining Order hearing scheduled for June 6, 2019.

*/s/ Woods Drinkwater*
**Woods Drinkwater**

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document has been served upon all counsel of record for the parties at interest in this cause by serving a true and correct copy of same electronically through ECF to each attorney of record as follows:

Brice M. Timmons
Megan Arthur
Black McLaren Jones Ryland & Griffee
530 Oak Court Drive, Suite 360
Memphis, TN  38117
btimmons@blackmclaw.com

June 6, 2019.

                                                By:   */s/ Woods Drinkwater*
                                                      **Woods Drinkwater**