**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JOHN DOE | |
| Plaintiff, | |
| v. | Docket No. 2:19-cv-02336-JTF-tmp |
| RHODES COLLEGE, | |
| Defendant. | |

**DEFENDANT'S SUPPLEMENTAL
STATEMENT OF AUTHORITIES**

COMES NOW, Rhodes College (hereafter "Defendant") and files this Supplemental Statement of Authorities, and shows as follows:

Under Sixth Circuit case law, there is no requirement that a traumatized sexual assault victim must testify during a private college's Title IX proceeding, and there is no precedent that a private college could commit a *de facto* due process violation by not requiring him or her to do so. To the contrary, the Middle District of Tennessee has recently held that a lack of cross-examination "is not grounds for [a] breach of contract claim" against a private university. Defendant Rhodes College is a private college.

Below is a brief recitation of Sixth Circuit case law, set forth chronologically, related to Constitutional due process considerations for permitting or requiring cross-examination during campus Title IX sexual assault proceedings.

- In <u>Doe v. Cummins</u>, which involved the public University of Cincinnati, the Sixth Circuit noted that, for public institutions, "[t]he Constitution requires certain minimum procedures before an individual is deprived of a 'liberty' or 'property' interest within the meaning of

the Due Process Clause of the Fourteenth Amendment." 662 F. App'x 437, 445 (6th Cir. 2016). The Court stated that an accused student does not necessarily have "the right to cross-examine his accuser in a school disciplinary proceeding," as it is not an "essential requirement." Id. at 446. Accused students do not have a right to a "full-scale adversarial proceeding." Id. Due process should be determined based upon whether the accused student has "an opportunity to 'respond, explain, and defend' and not on whether [a campus] hearing mirrored a criminal trial." Id.

- The Sixth Circuit created a limited holding in Doe v. Univ. of Cincinnati that cross-examination of victims may be required at public institutions in specific circumstances. In Univ. of Cincinnati, two students engaged in sexual activity in one of their apartments. 872 F.3d 393, 396 (6th Cir. 2017). The female student reported the incident as non-consensual sex, while the male student argued it was consensual. Id. There was no physical evidence and no witnesses that could corroborate either person's story. Id. The Court explained that in a scenario where the hearing board at a public university has a choice of believing the accuser or the accused with *no* corroborating evidence, then the issue necessarily turns on each student's credibility. Id. at 401-402. Thus, in order to provide Constitutional due process, there must be a manner for the hearing board to evaluate credibility through cross-examination or other means, which would require victim participation. Id. 406. The Court made it clear that this was a "narrow" obligation and left it to the school to determine the best way to accomplish that end. Id. That said, the Court specifically stated that the accused did not have a right to confront the victim, suggesting that evaluation of credibility did not have to conform to traditional cross-examination methods. Id.

2

- The Sixth Circuit re-addressed this issue in <u>Doe v. Baum</u>, which involved the public University of Michigan.  After noting that notions of due process are derived from the Constitution, the Court stated that: "(1) if a student is accused of misconduct, the university must hold some sort of hearing before imposing a sanction as serious as expulsion or suspension, and (2) *when the university's determination turns on the credibility* of the accuser, the accused, or witnesses, that hearing must include an opportunity for cross-examination." 903 F.3d 575, 581 (6th Cir. 2018) (emphasis added).

- However, most recently, in <u>Doe v. Belmont University</u>, 334 F.Supp.3d 877, 893-894 (M.D. Tenn. 2018), the Middle District of Tennessee examined whether an accused student should have been provided a cross-examination opportunity by a *private* college (like Rhodes).  The Court noted that, in he-said/she-said scenarios involving public universities subject to Constitutional due process considerations, like the University of Cincinnati and the University of Michigan, the Sixth Circuit has required cross-examination when "a public university has to choose between competing narratives."  <u>Id.</u>  However, the Middle District expressly rejected application of <u>Baum</u> and <u>Univ. of Cincinnati</u> in its case because Belmont was a private university, which is not bound to Constitutional due process standards. <u>Id.</u> at 894. Therefore, "the proper focus in analyzing whether a private university provided fundamental fairness is whether the University adhered to its [contractual] misconduct procedure." <u>Id.</u>  The Court expressly held that a lack of cross-examination "is not grounds for [a] breach of contract claim" against the private university. <u>Id.</u>

Other circuits have addressed the issue of victim participation and cross-examination during campus hearings. All are consistent with the understanding that accused students only have

a right to cross-examine victims in a sexual misconduct hearing when the hearing board's decision relies upon the credibility of the victim and/or accused.

- The Fifth Circuit recently noted that an accused student does not have a right to cross-examine a victim when there is sufficient evidence of sexual misconduct presented at the hearing. Plummer v. Univ. of Houston, 860 F.3d 767, 775 (5th Cir. 2017) (public university). In that case, the Court noted that an accused student was not entitled to cross-examine the victim where there was physical evidence presented, the accused was allowed to have legal counsel participate in the hearing, and the accused student could cross-examine all witnesses other than the victim.  Id.  See also Dixon v. Alabama State Bd. of Ed., 294 F.d 150 (5th Cir. 1961) ("...a hearing which gives the Board or the administrative authorities of the college an opportunity to hear both sides in considerable detail is best suited to protect the rights of all involved. This is not to imply that a full-dress judicial hearing, with the right to cross-examine witnesses, is required") (public university system).

- The Eleventh Circuit has held that college students do not have a right to formal rules of evidence and that cross-examination is not required in student disciplinary hearings. Nash v. Auburn University, 812 F.2d 655 (11th Cir. 1987) (public university).

- In the Second Circuit, the Court has stated that cross-examination is only relevant where the hearing board must "choose to believe either the accused or his accuser." Winnick v. Manning, 460 F.2d 545, 549-550 (2d Cir. 1972) (public University of Connecticut); see also id. at 545 ("This appeal raises important questions with respect to the scope of procedural safeguards which due process requires a public university to afford a student facing expulsion").

Wherefore, Defendant Rhodes College respectfully requests denial of Plaintiff's Application for a Temporary Restraining Order ("TRO") and Preliminary Injunction.

Respectfully submitted this 13th day of June, 2019.

/s/ James A. Haltom
James A. Haltom (BPRN 28495)
Woods Drinkwater (BPRN 33838)
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, TN 37219
Phone: (615) 664 – 5339
Fax: (615) 664 – 5399
Email: james.haltom@nelsonmullins.com
Email: woods.drinkwater@nelsonmullins.com

Daniel A. Cohen
Georgia Bar No. 173474
*Pro hac vice* application pending
Ashley A. Akins
Georgia Bar No. 852607
*Pro hac vice* application pending
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Atlantic Station / Suite 1700
201 17th Street, NW
Atlanta, GA 30363
Phone: (404) 322-6223
Fax: (404) 322-6050
Email: dan.cohen@nelsonmullins.com
Email: ashley.akins@nelsonmullins.com

*Counsel for Rhodes College*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served on counsel of record by the Court's ECF system and by placing a true and accurate copy in the U.S. Mail, postage prepaid, to the following:

Brice Timmons
Megan Arthur
Black McLaren Jones Ryland &
Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117


Dated June 13, 2019.                          */s/ James A. Haltom*
                                              JAMES A. HALTOM