# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

JOHN DOE,

    Plaintiff,                                                         Docket No. 2:19-cv-02336-JTF

v.

RHODES COLLEGE.

    Defendant.

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

    COMES NOW the Plaintiff, John Doe (hereinafter "Plaintiff"), by and through counsel, and files this Motion for Protective Order and incorporated Memorandum of Law in Support thereof, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  In support of his motion, Plaintiff states as follows:

### I. Statement of Facts

    1.    On May 29, 2019, Plaintiff filed his Complaint alleging gender discrimination in violation of Title IX of the Civil Rights Act of 1964 and for breach of contract under Tennessee law. (Dkt. No. 1).

    2.    On the same day, Plaintiff filed his Application for Temporary Restraining Order and Preliminary Injunction alleging that he would suffer irreparable harm in the form of lost educational opportunities as well as the damage to reputation should the Court withhold injunctive relief until full discovery and a trial is completed.  (Dkt. No. 5).

3. On June 5, 2019, Plaintiff filed his Amended and Supplemental Application for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 21) to include a count for Breach of Contract against Rhodes College (hereinafter "Defendant", "Rhodes" or "Rhodes College"). In his Amended and Supplemental Application for Temporary Restraining Order and Preliminary Injunction, Plaintiff specifically asked that Rhodes College be enjoined from enforcing its decision to expel Plaintiff pending the outcome of this suit; and that presuming Plaintiff completes all remaining graduation requirements, that Rhodes be enjoined from refusing to confer his degree in May 2019 as scheduled, with the caveat that the degree may be rescinded should Plaintiff prove unsuccessful in this suit, consider testimony and argument so as to rule prior to the commencement of the Fall 2019 semester as Plaintiff seeks to return to school in order to finish his remaining credits for graduation.

4. A hearing was held on Plaintiff's First Motion for Temporary Restraining Order (Dkt. No. 5) and Plaintiff's Amended Motion for Temporary Restraining Order (Dkt. No. 21) on June 14, 2019, after which an Order was entered Granting in Part and Denying in Part Plaintiff's Request for a Temporary Restraining Order (Dkt. No. 33).

5. Specifically, this Court found that Plaintiff's request that this Court enjoin Defendant from enforcing its decision to expel Plaintiff pending the outcome of this suit should be GRANTED. (Dkt. No. 33 at pp. 7-10.) However, during argument at the hearing on Plaintiff's request for a temporary restraining order, Defendant raised several defenses to the issue of conferring the degree that this Court found sufficient to deny the conferral of the degree "at this time," presumably reserving a further determination on those issues for the preliminary injunction hearing. (Id. at 13.) Impediments to the conferral of Plaintiff's degree cited by Defendant include that Plaintiff has not turned in at least one assignment; that Plaintiff's grades

remain to be calculated; and that Plaintiff has a second misconduct allegation that needs to be resolved ("the Second Misconduct Claim"), which is the subject of Plaintiff's Supplemental Application for Preliminary Injunctive Relief. (See generally Docket No. 39.). A hearing is currently scheduled on the Plaintiff's Supplemental Application for Preliminary Injunctive Relief for July 18, 2019.

6. On June 25, 2019, counsel for Plaintiff received correspondence from counsel for Defendant, stating in part that, although the Court had temporarily enjoined Defendant from enforcing its decision to expel Plaintiff pending the outcome of this litigation, Defendant unilaterally changed Plaintiff's student status at Rhodes to "interim suspension status" based on the Second Misconduct Claim arising out of actions by Plaintiff that allegedly occurred on or about February 8, 2019.

7. In preparation for the hearing on Plaintiff's Supplemental Application for Preliminary Injunctive Relief, Defendant has noticed Plaintiff's deposition. Plaintiff's expressed concern, and the subject of the instant Motion for Protective Order, is that Defendant has stated its intention to inquire into Plaintiff's current employment status, and to ultimately issue a subpoena, and depose Plaintiff's current employer, pursuant to Fed. R. Civ. P. 30(b)(6).

8. Upon information and belief, Plaintiff's current employer is not currently aware of the full scope, or sensitivity, of the current litigation. In fact, Plaintiff has specifically sought leave from this Court to proceed in this litigation under a pseudonym, due to his fear of personal embarrassment, humiliation, and psychological trauma, and he has further stated that the harm to Plaintiff would be compounded by the publication of his identity. (*See* Dkt. No. 18, pp. 1-2).

9. If Defendant is allowed to unnecessary question Plaintiff's current employer, who will have no contemporaneous information relevant to this litigation, Plaintiff may likely

suffer irreparable injuries by the loss of employment, reputation, and educational and other career opportunities, not readily compensable by money damages. *See Ritter v. Okla. City Univ.*, 2016 U.S. Dist. LEXIS 60193, at *8 (W.D. Okla. May 6, 2016).

## II. Law and Argument

A district court may grant a protective order under Fed. R. Civ. P. 26(c) to prevent "annoyance, embarrassment, oppression, or undue burden or expense." *Platt v. Bd. of Comm'rs on Griev. & Discipline of the Ohio Supreme Court*, 894 F.3d 235, 243 (6th Cir. 2018). The district court's decision to grant a protective order is reviewed under the deferential abuse of discretion standard. *Samad v. Jenkins*, 845 F.2d 660, 663 (6th Cir. 1988) (citing *Davis v. Marathon Oil Co.*, 528 F.2d 395 (6th Cir. 1975)). An abuse of discretion occurs only if the appellate court is "left with a definite and firm conviction that [the district court] committed a clear error of judgment." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008) (alteration in original) (quoting *Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 781 (6th Cir. 2002)). An example of annoying, embarrassing, oppressing discovery is when the requesting party's information is simply "unnecessary" since the court could evaluate the merits of requesting party's claims "without regard for evidentiary support." *Platt v. Bd. of Comm'rs on Griev. & Discipline of the Ohio Supreme Court*, 894 F.3d 235, 243 (6th Cir. 2018). Similarly, this Court has recognized that discovery requests to current employers could be used as a means to harass a plaintiff, especially if there is no indication of an appropriate motive. *See Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 400 n.6 (W.D. Tenn. 2012).

In the present case, Defendant has expressed their intention to deposed Plaintiff in preparation for the hearing on Plaintiff's Supplemental Application for Preliminary Injunctive Relief, and during that deposition Defendant has expressed its intention to question Plaintiff

4

about his current employer. Thereafter, Defendant has expressed its intention to issue a subpoena, and depose Plaintiff's current employer, pursuant to Fed. R. Civ. P. 30(b)(6).

It is unclear what, if any, relevant information Defendant is seeking to garner from Plaintiff's current employer, as Plaintiff was not employed by his current employer during any part of the time frame relevant to this litigation. As such, Plaintiff contends that the only reason Defendant is choosing to not only contact Plaintiff's current employer, but to subject them to an intensive line of questioning, pursuant to Fed. R. Civ. P. 30(b)(6), would be to subject Plaintiff to "annoyance, embarrassment, oppression, or undue burden or expense." Specifically, if Plaintiff's current employer is brought into this litigation, Plaintiff may likely be subject to unnecessary scrutiny within his current employment, which could lead to a damaged reputation and reduced employment opportunities. Consequently, Plaintiff's requests this court enter a protective order preventing Defendant from inquiring into the identity of Plaintiff's current employer, or attempting to contact Plaintiff's current employer, in any way.

### III. Conclusion

For the foregoing reasons, Plaintiff asks the Court to enter a protective order preventing Defendant from inquiring into the identity of Plaintiff's current employer, or attempting to contact Plaintiff's current employer, in any way, and that this Court order any further relief to which Plaintiff may prove he is entitled.

        Respectfully submitted,

        **BLACK MCLAREN JONES**
        **RYLAND & GRIFFEE PC**

        _/s/ Christopher M. Williams_____
        Brice M. Timmons (#29582)
        Megan E. Arthur (#25243)
        Christopher M. William s(#36256)
        530 Oak Court Drive, Suite 360

Memphis, Tennessee 38117  
(901) 762-0535 – Phone  
(901) 762-0539 – Facsimile  
btimmons@blackmclaw.com  
marthur@blackmclaw.com  
cwilliams@blackmclaw.com  
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Defendant via the Court's ECF system on this the 3rd day of July, 2019.

/s/ Christopher M. Williams_____

## CERTIFICATE OF CONSULTATION

I hereby certify that Plaintiff's counsel has consulted with Defendant's counsel on the 2nd day of July, 2019, via e-mail regarding the relief sought in this motion. Counsel have been unable to come to an agreement regarding the relief sought.

/s/ Christopher M. Williams_____