IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-02336-JTF-tmp |
| ) | |
| RHODES COLLEGE, ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING MOTION FOR PROTECTIVE ORDER

Before the Court is Defendant Rhodes College's Motion for Protective Order, for which the parties submitted their proposed Agreed Confidentiality and Protective Order to chambers email on July 8, 2019. (ECF No. 25.) Pursuant to the Motion and in anticipation that documents and information containing confidential information will be disclosed through discovery, the Court, finds that the entry of a protective order is necessary in this matter. Thus, the Court finds that the Motion should be **GRANTED**.

**IT IS, THEREFORE, ORDERED** that the protective order proposed by the parties and articulated below, shall be entered in the above-styled case, pursuant to the parties' submitted Consent Protective Order, as follows:

COME NOW Plaintiff John Doe and Defendant Rhodes College (collectively, the "Parties"), by and through their attorneys, and hereby agree and stipulate as follows:

The above-named lawsuit (the "Action") is presently in discovery, and it appears that such discovery will involve review and production of information and documents that the parties agree must be held in confidence pursuant to applicable law. Documents and information will be

1

produced by the parties and third-parties in the Action, voluntarily or pursuant to discovery proceedings, which constitute or reflect confidential information, including but not limited to, the educational records of Plaintiff and other students of Rhodes College that are fully protected by the Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g and the regulations promulgated thereunder ("FERPA"); highly-sensitive alleged sexual assault records; challenged student disciplinary records; and other documents containing the personally identifiable information ("P.I.I.") of such students. Accordingly, good cause having been shown within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and it is appearing that the parties' consent and agreed to entry of this Consent Confidentiality and Protective Order ("Order"),

**IT IS HEREBY ORDERED THAT**:

1. <u>Documents already on file with the Court</u>:  As soon as practicable, the Clerk shall place the following documents currently on file with the Court under seal:

    a. Verified Complaint for Violation of Title IX of the Civil Rights Act of 1964 (Dkt. No. 1);

    b. Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 5);

    c. First Amended Complaint for Violation of Title IX of the Civil Rights Act of 1964 and for Breach of Contract (Dkt. No. 18);

    d. Plaintiff's Amended and Supplemental Application for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 21); and

    e. Order Granting in Part and Denying in Part Plaintiff's Request for Temporary Restraining Order (Dkt. No. 33).

2. Plaintiffs shall redact the initials of all Rhodes College students from the documents listed in Paragraph 1 and refile same titled as "Redacted" (*e.g.*, "REDACTED – VERIFIED COMPLAINT FOR VIOLATION OF TITLE IX OF THE CIVIL RIGHTS ACT OF 1964").

3. <u>Future Court filings</u>:  Going forward, the Parties and the Court shall file under seal any documents containing identifying information or sensitive information related to alleged sexual misconduct, including P.I.I. as the term is defined under FERPA at 34 CFR § 99.3 to include student's name, address, name or address of family members, personal identifiers, such as date of birth, social security number, place of birth, other information that, alone or in combination, that would allow a reasonable person in the Rhodes school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty during the operative time of this lawsuit and its precipitating events. The parties may elect to use non-personal identifiers in any unsealed pleading (e.g. "Male Student 1"), to use pseudonyms that are sufficiently distinct from the names of the students in issue as to prevent their effective identification.

4. <u>Discovery requests/subpoenas</u>: Counsel shall make all requests to non-parties pursuant to the procedures set forth in the Federal Rules of Civil Procedure, and shall provide a copy of this Order along with all non-party discovery requests.

5. <u>Confidential Documents and Information</u>:  Documents and things produced during the course of discovery deemed by the party disclosing them ("the Producing Party") to contain confidential information ("Confidential Material") may be designated as confidential by the Producing Party with the legend "CONFIDENTIAL" on the document or thing if counsel

determines, in good faith, that such designation is necessary to protect the interests of the client or the client's current or former employees and students.

    a. The parties shall designate Confidential Material prior to disclosure to any other party by any reasonable means which puts the receiving party on notice of the confidential nature of the material, such as labeling a document "CONFIDENTIAL," and by indicating at deposition that information set forth therein is confidential.

    b. Nothing contained in the foregoing paragraphs shall prohibit a party from designating any document, thing, testimony or information as "CONFIDENTIAL" subsequent to its first disclosure or production; provided, however, that any such subsequent designation must:

        (i) Be in writing or be made on the record if disclosed at a deposition or hearing; and

        (ii) Specifically identify the document, thing, testimony or information so designated.

Nothing shall prevent the parties from designating, in good faith, other parties' and third-parties' disclosures of confidential information as Confidential Material, provided that such confidential treatment shall only apply after such designation is made as provided above.

Once a party deems a document "confidential," the opposing party has five (5) business days to dispute said designation in writing. At that point, any party seeking to protect the information within the document from disclosure must file a motion with the Court seeking a protective order. Until the motion is resolved, any "confidential" document shall be subject to the requirements of Paragraph 7 below.  This dispute procedure shall not apply to protected students'

education records, which are *per se* confidential under federal law (FERPA). The Court shall award attorney's fees against any party deemed to have abused this procedure.

6. <u>Authorization to Produce Student Records</u>: Pursuant to FERPA and the regulations promulgated thereunder, the educational records of any student relevant to the litigation are hereby authorized to be produced upon subpoena or Rule 34 request by counsel for the parties or by court order, subject to the following terms and conditions:

   a. Prior to the production or release of any documents protected by FERPA, including but not limited to student educational records, disciplinary records, and any other documents containing the P.I.I. of any Rhodes student, Defendant must provide notice to any student(s) being affected as required under FERPA;

   b. Defendant shall mark any such documents "CONFIDENTIAL" as set forth herein; and

   c. The inadvertent failure to mark any such document as "CONFIDENTIAL" shall not be deemed a waiver of that document's status as Confidential Material.

7. <u>Non-disclosure of Confidential Material</u>: The parties and their counsel agree not to show, discuss with, or otherwise disclose any Confidential Material produced in the course of this litigation, whether by subpoena, discovery request, or by agreement of the parties, to any person other than the following entities, and then only for purposes of the lawsuit:

   a. Subject to the requirements of Section 3 above, the United States District Court for the Western District of Tennessee, or any other court that hears the lawsuit, court personnel (including any clerk, stenographer, or other person

      having access to any Confidential Material by virtue of his or her position with the court), and the jury at trial or as exhibits to motions;

b. The parties and their counsel of record;

c. Any employees, stenographers, or attorneys associated with counsel of record and any consultants to or expert witnesses retained by counsel of record of the parties to whom it is necessary that the information be shown for purposes of the lawsuit;

d. The author of the document; or

e. Any person from whom testimony is taken or reasonably may be taken in the litigation, including but not limited to deposition, interview and hearing testimony, except that such a person may only be shown that Confidential Material during and in preparation for his/her actual or potential testimony and may not retain the Confidential Material.

No person receiving any Confidential Material shall reveal the information to or discuss that information with any person who is not also entitled to receive that information in the context of this litigation under the terms of this Order. See also 34 C.F.R. § 99.33. All persons specified in (b) through (e) above shall be shown a duly executed copy of this Order and shall agree to abide by the terms of this Order prior to receipt of Confidential Material. Students' P.I.I. should not be publicly disclosed outside of this litigation. That said, nothing herein shall prevent a party already in receipt of Confidential Material from using such Confidential Material as authorized in the normal course of its business.

      8.    <u>Subpoena by Other Courts or Agencies</u>:  If another court or an administrative agency subpoenas, requests, or orders production of Confidential Material that a party has

obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the material as confidential of the pendency of such subpoena, request or order, and provide any additional notices under FERPA as may be required. Such notice must be given a sufficient time in advance of the time set for production of the Confidential Material to afford the party which designated the document(s) as confidential reasonable time to oppose their disclosure.

      9.    <u>Depositions</u>:   During the course of this litigation, it is anticipated that the Parties may wish to depose various individuals concerning one or more of the following matters: (i) educational records, student disciplinary records, or documents containing student P.I.I. or other information protected under FERPA;  (ii) various persons enrolled as students at Rhodes College during the operative time of this lawsuit; or (iii) allegations of sexual misconduct involving one or more students at Rhodes College. The transcript of any deposition at which any such matter is discussed shall be deemed Confidential Material and marked "CONFIDENTIAL" as set forth herein. Portions of the Deposition that any party wishes to use in this litigation shall only be filed in accordance with the local rules regarding redactions and shall be subject to the provisions of Paragraph 3. Deposition portions with unredacted names shall be filed under seal. Depositions shall otherwise be subject to the provisions of Paragraph 7. Prior to being deposed on any Confidential Material and/or FERPA protected materials, the deponent must on the record be made aware of the Court's protective order, given a copy of the protective order, and informed that as a deponent, the deponent is subject to the terms of this Order and acknowledge they will not disclose any Confidential Material and/or FERPA protected materials disclosed or learned during the deposition.

10. <u>Maintenance of Confidential Material</u>:  All Confidential Material produced in discovery, all copies of such materials, and all summaries, extracts, and compilations thereof, shall be maintained exclusively in the files of counsel for the parties to whom the documents and information are produced, and shall not be filed or maintained independently by the parties to whom production is made unless said parties have a pre-existing right to the Confidential Material.

11. <u>Final Disposition of the Action</u>:  Confidential Material is to be preserved as confidential both during and after final disposition of the Action.  Within thirty (30) days after deadlines set forth in any final settlement or judicial conclusion of the Action (including any and all appeals), the parties' counsel shall, at the option of the opposing party, return, destroy, or cause to be destroyed all documents and all copies thereof with the exception of a copy of documents preserved for archival purposes, which shall at all times remain subject to this Order.

12. <u>Disputes</u>:  Any dispute under this agreement shall be submitted to the Court for resolution, provided however that counsel for the parties first make a good faith effort to resolve the matter.  This Order does not govern or resolve any dispute which may arise between the parties as to the permissible scope of discovery, privilege, or related matters other than the permissible dissemination and disclosure of Confidential Material produced in discovery.

13. <u>Violations</u>:  Any party or counsel who violates the terms of this Order shall be subject to any and all sanctions provided by law.

14. <u>Modifications</u>:  The parties may make exceptions, modifications, and/or additions to this Order by written agreement so long as all parties, either personally or through their counsel, sign the written agreement.

15. The parties to this Order agree that they shall be governed by the terms of this Order as an agreement among themselves until such time as the Order is signed and entered by the Court.

**IT IS SO ORDERED** on this 8th day of July 2019.

*s/ John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
