IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

JOHN DOE,

    Plaintiff,

v.                                          Docket No. 2:19-cv-02336-JTF

RHODES COLLEGE.

    Defendant.

**PLAINTIFF'S RESPONSE TO EMMA DAVIS' MOTION TO QUASH**

Plaintiff John Doe (hereinafter "Plaintiff"), by and through the undersigned counsel, responds to Emma Davis' "Motion and Memorandum of Law to Quash Subpoena" and respectfully states as follows:

Emma Davis ("Davis"), an attorney employed as a sexual misconduct investigator for Rhodes College in the administrative proceeding underpinning this case, has filed the instant motion to quash. In essence, she asserts that she acted as an "attorney investigator" for Rhodes college and that she cannot possibly have any information other than hearsay statements of student witnesses. She goes on to assert that she is an "opposing counsel," not subject to deposition absent a showing that discovery is otherwise unavailable. Davis goes on to inaccurately speculate as to the subject matter of the deposition.

As a preliminary matter, Davis motion is untimely, and Rhodes counsel of record have failed to assert the privilege themselves. Plaintiff issued a subpoena for Ms. Davis attendance at a deposition scheduled July 15, 2019. On July 1, 2019. On July 12, 2019, counsel for Ms. Davis

filed the instant motion to quash and served it upon Plaintiff at 5:05 P.M. Counsel's belated assertion of the privilege, on the last business day before a deposition after close of business, does not serve to render the subpoena invalid or stayed and provides no opportunity for this Court to rule before the deposition. Therefore, Plaintiff intends to proceed with the deposition and to permit Rhodes to make its objections to privilege on the record.

Plaintiff seeks to obtain only non-privileged information regarding the investigation conducted by Davis. Specifically, Plaintiff seeks to know the scope of the investigation, the information sought, the documents requested, and the questions asked. Plaintiff's burden in this case is to prove a defect in the process, not to prove whether or not the underlying allegations are true or false. Plaintiff's inquiry must be into the nature of the investigation itself. "The Court only evaluates factual discrepancies to the extent they go to questions regarding the nature of the investigation, rather than the quality of the outcome." *Doe v. Univ. of the South*, No. 4:09-cv-62, 2011 U.S. Dist. LEXIS 35166, 2011 WL 1258104, at *14 (E.D. Tenn. Mar. 31, 2011). Plaintiff can hardly be expected to discover evidence relating to the "nature of the investigation" without deposing the investigator herself.

The issue of whether attorney-client privilege attaches to communications involving an attorney acting as investigator in a Title IX sexual misconduct case was squarely addressed in *Doe v. Phillips Exeter Acad.*, 2016 U.S. Dist. LEXIS 141877. In that case, the investigator (an attorney) and school attempted to assert the privilege. The Court ruled that such an assertion could not stand where the investigation and report were used as the basis for the plaintiff's expulsion.

Plaintiff does not seek to inquire into anything outside the conduct of the investigation itself. Plaintiff does not seek Ms. Davis' legal opinions, communications with any Rhodes College

employee, nor her work-product. Plaintiff intends to inquire into the manner in which she conducted the sexual misconduct allegations that led to Plaintiff's expulsion.

Plaintiff therefore requests that this Court deny Davis' motion to quash or, in the alternative, draw a negative inference against Rhodes College establishing that Ms. Davis testimony regarding the investigation would be detrimental to Rhodes' position in this case.

Respectfully submitted,

/s/*Brice M. Timmons*
Brice M. Timmons (#29582)
Megan E. Arthur (#25243)
Black McLaren Jones Ryland
 & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 (Fax)
marthur@blackmclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's ECF system this 12th day of July, 2019 to all counsel who have made an appearance in this cause as well as via email to:

Sam Berry Blair, Jr. (Tenn. Bar. No. 10375)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Phone: (901) 577-2257
Fax: (901) 577-0720
Email: sblair@bakerdonelson.com
*Counsel for Emma Davis*

/s/Brice M. Timmons