## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 2:19-cv-02336-JTF-tmp |
| ) | |
| RHODES COLLEGE, ) | |
| ) | |
| Defendant. ) | |

### RHODES COLLEGE'S RESPONSE IN SUPPORT OF
### EMMA DAVIS' MOTION TO QUASH

Defendant Rhodes College ("Rhodes") files this Response in Support of Emma Davis' Motion to Quash [ECF No. 63] (the "Davis Motion"). Rhodes hereby incorporates the Davis Motion as if set forth herein, and in support of her motion states:

Rhodes hired Ms. Davis to serve in her role as an attorney to conduct an investigation, and Rhodes understands she was acting in that capacity in conducting the subject investigation. At the conclusion of the investigation, Ms. Davis produced a report to Rhodes containing factual information collected from the investigation. Although the report was entirely fact-based, Rhodes understands that Ms. Davis' April 4, 2019 investigation report was privileged, as she was hired in her role as an attorney to conduct the investigation and draft the report.

Pursuant to the Violence Against Women Act, Rhodes later made a limited waiver of privilege (fact work product) by providing the report to the parties, as the factual information contained therein was potentially to "be used during informal and formal disciplinary meetings and hearings." 34 C.F.R. § 668.46(k)(3)(i)(B)(3). Rhodes understands that such a limited waiver, which was made to ensure the parties had adequate due process under federal law, does not waive

1

privilege related to any other attorney-client privileged communications between Ms. Davis and Rhodes, nor any other opinion work product. (See also arguments in Davis Motion.)

At this point, it is entirely unclear why Plaintiff seeks to depose Ms. Davis. Her report, which contains nothing but hearsay statements and information she received from third-parties, speaks for itself. Any testimony by Ms. Davis about her report would be inadmissible hearsay. Federal Rules of Evidence 801(c) and 1002.[1]

Plaintiff's response brief [ECF No. 64] contains a single citation that is easily distinguished. According to Plaintiff, in "Doe v. Phillips Exeter Acad., 2016 U.S. Dist. LEXIS 141877 (D.N.H. Oct. 13. 2016) the investigator (an attorney) and school attempted to assert the privilege. The Court ruled that such an assertion could not stand where the investigation and report were used as the basis for the plaintiff's expulsion." (ECF No. 64, at 2.) Here, Ms. Davis' report was not used as the basis for the plaintiff's expulsion; Ms. Davis' report contained no conclusions or recommendations about Plaintiff or his actions. Rather, Rhodes' neutral hearing panel received ample testimony and evidence, including from Plaintiff, in reaching its decision to expel Plaintiff.

To the extent Plaintiff seeks to depose Ms. Davis on any topic *beyond* the written contents of her report, Plaintiff would be seeking to invade Rhodes' privileged communications with its attorney and protected opinion work product.

Attorney-client privilege belongs to the client. State v. Arnold, 719 S.W.2d 543, 549 (Tenn. Crim. App. 1986); EEOC v. Texas Hydraulics, Inc., 246 F.R.D. 548, 554 (E.D. Tenn. 2007). As

---

[1] Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered as evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Rule of Evidence 1002, known as the "best evidence" rule, states that "an original writing…is required in order to prove its content." Fed. R. Evid. 1002.

the owner of privilege, Rhodes continues to assert privilege over all communications and materials beyond the contents of Ms. Davis' written report.

The attorney-client privilege protects from disclosure confidential communications between a lawyer and his client. Ross v. City of Memphis, 423 F.3d 596, 600 (6th Cir. 2005). Any communications between Ms. Davis and Rhodes beyond the report would fall squarely within that privilege.

Opinion work product includes "an attorney's mental impressions, opinions, conclusions, judgments, or legal theories." In re Antitrust Grand Jury, 805 F.2d 155, 163 (6th Cir. 1986). While fact work product, which may be discoverable "upon a showing of substantial need and inability to otherwise obtain the evidence without material hardship," In re Columba/HCA Healthcare Corp. Billing Practices. Litig., 293 F.3d 289, 294 (6th Cir. 2002), "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into…mental impressions of an attorney." Hickman v. Taylor, 329 U.S. 495, 511 (1946).

Indeed, Courts must endeavor to "protect against disclosure [of] mental impressions, conclusions, opinion, or legal theories of a party's attorney or other representative concerning the litigation." First Horizon Nat. Corp. v. Houston Casualty Co., 2017 WL 3252238, at *4 (W.D. Tenn. Mar. 6, 2017) (citing Fed. R. Civ. P. 26(b)(3)(B)). Further, when a subpoena, such as the one issued to Ms. Davis, requires disclosure of privileged or other protected matter, a Court must quash that subpoena. See Fed. R. Civ. P. 45(d)(3)(A)(iii).

Because this subpoena necessarily seeks the disclosure of privileged communications, and/or opinion work product, it must be quashed. Accordingly, Rhodes supports Ms. Davis' Motion to Quash and prays this Court will enter an order quashing the subpoena issued to Ms. Davis by Plaintiff.

Dated July 12, 2019            Respectfully submitted,

                                By:    */s/ James A. Haltom*
            James A. Haltom (BPRN 28495)
            Woods Drinkwater (BPRN 33838)
            NELSON MULLINS RILEY &
            SCARBOROUGH, LLP
            One Nashville Place, Suite 1100
            150 Fourth Avenue North
            Nashville, TN 37219
            Phone: (615) 664 – 5339
            Fax: (615) 664 – 5399
            Email: james.haltom@nelsonmullins.com
            Email: woods.drinkwater@nelsonmullins.com

            Daniel A. Cohen (*Pro hac vice*)
            Jeff Daniel (*Pro hac vice*)
            Ashley A. Akins (*Pro hac vice*)
            NELSON MULLINS RILEY &
            SCARBOROUGH LLP
            Atlantic Station / Suite 1700
            201 17th Street, NW
            Atlanta, GA 30363
            Phone: (404) 322-6223
            Fax: (404) 322-6050
            Email: dan.cohen@nelsonmullins.com
            Email: jeff.daniel@nelsonmullins.com
            Email: ashley.akins@nelsonmullins.com
            *Counsel for Rhodes College*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on counsel of record by the Court's ECF system to the following:

| | |
|---|---|
| Brice M. Timmons, Esq. | Bryce Ashby |
| Megan E. Arthur, Esq. | Donati Law, PLLC |
| Black McLaren Jones Ryland & Griffee PC | 1545 Union Avenue |
| 530 Oak Court Drive | Memphis, TN 38104 |
| Suite 360 | Email: bryce@donatilaw.com |
| Memphis, TN 38117 | |
| Email: btimmons@blackmclaw.com | |
| Email: marthur@blackmclaw.com | |

And via email to:

4

Sam Blair
165 Madison Avenue
Suite 2000
Memphis, TN 38103
Email: sblair@bakerdonelson.com

*Counsel to Emma Davis*

Dated July 12, 2019.                                          /s/ James A. Haltom
                                                                         **JAMES A. HALTOM**