## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JOHN DOE,

      Plaintiff,                        Docket No. 2:19-cv-02336-JTF

v.

RHODES COLLEGE.

      Defendant.

## PLAINTIFF'S MOTION TO COMPEL EXPEDITED DEPOSITION TESTIMONY OF DEFENDANT'S RULE 30(B)(6) ORGANIZATIONAL REPRESENTATIVE, AND FOR DISCOVERY SANCTIONS

    COMES NOW the Plaintiff, John Doe (hereinafter "Plaintiff"), and files this Motion and incorporated Memorandum to compel Defendant's Rule 30(b)(6) representative to provide deposition testimony, and, alternatively, for discovery sanctions.  In support of his motion, Plaintiff states as follows:

### I.   STATEMENT OF FACTS

    1.    On May 29, 2019, Plaintiff filed his Verified Complaint and Application for a Temporary Restraining Order enjoining Defendant from enforcing its decision to expel Plaintiff, and refusing to confer his academic degree, after it conducted a faulty Title IX investigation and hearing. (*See* ECF No. 1). On June 6, 2019, a TRO hearing was held, and subsequently an Order was entered enjoining Defendant's decision to expel Plaintiff, but denying Plaintiff's request for relief, as it related to his academic degree, because Defendant reasoned, *inter alia*, that Plaintiff's grades had not yet been calculated. (ECF No.s 27 and 33).

2.      On July 1, 2019, a notice was issued and properly served upon Defendant, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to take the deposition of Defendant's organizational representative.  (ECF No. 44). Defendant was noticed to determine what, exactly, its graduation requirements were, and which requirements Plaintiff was, allegedly, lacking.

3.      The deposition was noticed for Monday, July 15, 2019, at 1:30 a.m. (*Id.*) Within the notice was a list of eight (8) subject areas in which the organizational representative was to be deposed. (*Id.*) Some of these subjects of the noticed deposition were:

1. Plaintiff's grades in the three classes for which his grades have not yet been calculated, specifically, the designated witness should have all of the information necessary to calculate a final grade in each of the courses for which Plaintiff was enrolled if such final grade has not been calculated (it is an acceptable alternative for Defendant to calculate Plaintiff's final grades and provide that information)[1];

2. In the event that Plaintiff's final grade has been calculated, the designated witness should have knowledge of the actual final grade;

3. In the event that Defendant claims that Plaintiff's final grades cannot be calculated because he was not enrolled as a student at the time of graduation, the designated witness should have knowledge of the information necessary to calculate his final grades as though he had hypothetically been enrolled as a student and eligible to have his final grades calculated at the time of graduation;

(ECF No. 44) (footnote in original).

4.      After being noticed with a Rule 30(b)(6) deposition, Defendant did not lodge any formal objection to the notice of deposition, nor file a motion for protective order.

5.      On July 15, 2019, Defendant produced an organizational representative, Milton Moreland. However, this representative was not prepared to discuss the subject areas for which Defendant had been noticed for.

---

[1] For all purposes of this notice, Defendant may assume that any assignment that was not actually turned in by Plaintiff would have been graded as a "0."

6.     In fact, during the deposition, Defendant stated that it had calculated Plaintiff's grades as "w's". Further, and the reasons for the instant motion, Defendant made it painfully obvious that it had not conducted any reasonable investigation into determining Plaintiff's final grades or to acquire the information necessary to calculate his final grades. For example, Defendant did not confer with any of Plaintiff's professors regarding Plaintiff's grades, attendance, or performance within any of the classes that Defendant has thus far refused to calculate grades for.

7.     Accordingly, Defendant's conduct in frustrating Plaintiff's attempts to receive his academic degree because his grades have not yet been calculated, have only been exacerbated by Defendant's decision to not conduct the activities reasonably necessary to calculated Plaintiff's grades.

8.     A preliminary injunction hearing is currently scheduled before this Honorable Court on July 17, 2019, and the subjected areas noticed to Defendant's organizational representative, pursuant to Rule 30(b)(6), are critically related to the relief sought in that hearing.

9.     Defendant has admitted that, if ordered, it could calculate Plaintiff's final grades.

## II.  LAW AND LEGAL ARGUMENT

An entity that is served with a notice of a Rule 30(b)(6) deposition is obligated to produce a witness or witnesses knowledgeable about the subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation. *Janko Enters. v. Long John Silver's, Inc.*, 2014 U.S. Dist. LEXIS 185334, *12 (W.D. Ky. Apr. 3, 2014) (citing *Dow Corning Corp. v. Weather Shield Mfg., Inc.*, 2011 U.S. Dist. LEXIS 111419, *4 (E.D. Mich. Sept. 29, 2011) (internal citation omitted) and *Martin Co. Coal Corp. v. Universal Underwriters Sycs., Inc.*, 2010 U.S. Dist. LEXIS 118722, *3 (E.D. Ky.

Nov. 8, 2010) ("A corporate deponent under Rule 30(b)(6) has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are known or reasonably available to the corporation.") (internal citations omitted)). "Compliance with Rule 30(b)(6) does not require that the corporate designee have personal knowledge as to all relevant facts within the subject matter of the deposition." *Janko Enters.*, 2014 U.S. Dist. LEXIS 185334 at *13 (citation omitted). "It is clearly required, however, that the Rule 30(b)(6) designee be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation." *Id*. (citations omitted). One may become so educated "by reasonably obtaining information from corporate documents, current or prior corporate employees, or any other sources reasonably available to the corporation." *Id*. at *13-14 (citing *Great Am. Ins. Co. of New York v. Vegas Const. Co. Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008)).

Plaintiff provided adequate notice to the Defendant of the subject matter that their organizational representative would be asked about. In fact, Defendant was already on notice of exactly what information Plaintiff was going to ask about because it was raised as a defense, and used rationale for denial of the temporary injunctive relief, in the June 6, 2019 TRO hearing. Defendant was, and still is, under an affirmative duty to provide a representative that could answer questions related to the noticed subject areas of Defendant's deposition. Defendant has failed to provide a representative that can answer questions related to the noticed subject areas of Plaintiff's Rule 30(b)(6) notice to Defendant. Accordingly, Plaintiff now respectfully moves this Court for the following relief:

1. An expedited order compelling Defendant to provide the information necessary to calculate Plaintiff's grades prior to the July 17, 2019 hearing on Plaintiff's application for injunctive relief and supplement the Rule 30(b)(6) deposition by affidavit.

2. An order issuing discovery sanctions against Defendant, pursuant to this Court's inherent authority, for the cost of preparing this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff asks the Court for an expedited order compelling Defendant to calculate Plaintiff's grades prior to the July 17, 2019 hearing, and that this Court order any further relief to which Plaintiff may prove he is entitled.

Respectfully submitted,

**BLACK MCLAREN JONES RYLAND & GRIFFEE PC**

/s/ Brice M. Timmons
Brice M. Timmons (#29582)
Megan E. Arthur (#25243)
Christopher M. Williams #36256
530 Oak Court Drive, Suite 360
Memphis, Tennessee 38117
(901) 762-0535 – Phone
(901) 762-0539 – Facsimile
btimmons@blackmclaw.com
marthur@blackmclaw.com
cwilliams@blackmclaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Defendant via the Court's ECF system on this the 15th day of July, 2019.

/s/ Brice M. Timmons

## **CERTIFICATE OF CONSULTATION**

I hereby certify that Plaintiff's counsel has consulted with counsel Defendant's counsel, via e-mail on July 15, 2019, on the relief sought in this motion. The parties have been unable to come to an agreement on the relief sought herein.

/s/ Brice M. Timmons