IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

JOHN DOE,

    Plaintiff,

v.                                                      No. 2:19-cv-02336-JTF-tmp

RHODES COLLEGE,

    Defendant.

**PLAINTIFF'S REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW the Plaintiff, John Doe (hereinafter "Plaintiff"), by and through counsel, and submits this Reply and Memorandum of Law in reply to Defendant's response to Plaintiff's Motion for Leave to file a Second Amended Complaint, (ECF No. 78), filed by Defendant, Rhodes College (hereinafter "Defendant" or "Rhodes"). In support thereof Plaintiff would state as follows:

    **I.**    **ARGUMENT AND CITATION TO AUTHORITY**

**A.**  **Plaintiff's Request for Leave to Amend is Timely and Non-Prejudicial.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend complaints shall be freely granted "when justice so requires". *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 229, 9 L. Ed. 2d 222 (1962); *Troxel Manufacturing Co. v. Schwinn Bicycle Co*., 489 F.2d 968, 970 (6th Cir.1973); *Tefft v. Seward*, 689 F.2d 637 (6th Cir.1982); *Howard v. Kerr Glass Mfg*., 699 F.2d 330, 333 (6th Cir.1983). Such leave is only inappropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of amendment". *Foman*, 371 U.S. at 182, 83 S. Ct. at 230; *Troxel*, 489 F.2d

at 970. Although if Plaintiff can plead no fact that would support his claim, such amendment is futile, the motion need not attach a proposed complaint, let alone attach a perfect proposed comlaint. Perry v. Owensboro Health, Inc., No. 4:14-CV-00046-JHM, 2015 U.S. Dist. LEXIS 93688, at *27 (W.D. Ky. July 16, 2015) (noting that the Court may evaluate a request based on even less than a proposed complaint). The determination of whether the motion to amend is to be granted is left to the sound discretion of the trial court. *Foman*, 371 U. S. at 182, 83 S. Ct. at 230; *Zenith Radio Corp. v. Hazeltine*, 401 U.S. 321, 330, 91 S. Ct. 795, 802, 28 L. Ed. 2d 77 (1971); *Estes v. Kentucky Utilities Co*., 636 F.2d 1131, 1133 (6th Cir.1980).

Here, Defendant can make no reasonable argument that Plaintiff has been dilatory. Plaintiff filed its motion for leave to amend prior to the entry of a scheduling order. Plaintiff is well-within the amendment deadline of the scheduling order. Defendant's sole argument is that Plaintiff's amendment would be futile. Defendant essentially asks this Court to preemptively grant a F.R.C.P. 12(b)(6) motion. This Court should only deny Plaintiff's request for leave to amend if the battery of facts alleged in the Second Amended Complaint (let alone proven at the preliminary injunction hearing) could not possibly support its claims.

B. **Plaintiff Asks That this Court Reconsider the Denial of Plaintiff's Request to Amend its Complaint to Include a Retaliation Claim Based on the Filing of the Instant Lawsuit.**

As a preliminary matter, Plaintiff acknowledges that this Court has ruled on this issue but respectfully requests reconsideration of the ruling in light of the authority set forth below. Courts in the Sixth Circuit permit the amendment of suits to include claims of retaliation for the filing of the lawsuit itself. Asmo v. Keane, Inc., 471 F.3d 588, 592 (6th Cir. 2006); Hubbell v. FedEx

SmartPost, Inc., No. 14-13897, 2016 U.S. Dist. LEXIS 75138, at *52 (E.D. Mich. June 9, 2016). Plaintiff's Second Amended Complaint makes sufficient allegations to survive a Motion to Dismiss Retaliation claims under Title IX are analyzed using the same standards as Title VII retaliation claims. *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 673 (6th Cir. 2013.); *see also Nelson v. Christian Bros. Univ.*, 226 F. App'x 448, 454 (6th Cir. 2008) ("Generally, the courts have looked to Title VII as an analog for the legal standards in both Title IX discrimination and retaliation claims.")

A retaliation claim can be established either through direct evidence of retaliation or circumstantial evidence. *Spengler v. Worthington Cylinders*, 615 F.3d 481, 491 (6th Cir. 2010). Direct evidence "requires no inferences to conclude that unlawful retaliation was a motivating factor in the employer's action." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 544 (6th Cir. 2008). It also "requires the conclusion that unlawful retaliation was a motivating factor in the employer's action." *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003). Retaliation claims supported by circumstantial evidence are examined under the under the familiar *McDonnell Douglas* burden-shifting framework used to analyze **Title** VII and Title IX retaliation cases. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Cline v. Catholic Diocese*, 206 F.3d 651, 658 (6th Cir. 2000); Asmo v. Keane, Inc., 471 F.3d 588, 592 (6th Cir. 2006). *Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). Under the *McDonnell Douglas/Burdine* framework, the plaintiff has the initial burden of establishing a *prima facie* case of retaliation. *Fuhr* 710 F.3d at 674. To establish a *prima facie* case of retaliation under Title IX, Plaintiff must demonstrate: "1) protected activity by the plaintiff; 2) knowledge by the defendant of the protected activity; 3) adverse school-related action; and 4) a causal connection between the protected activity

and the adverse action." *Varlesi v. Wayne State University*, 909 F.Supp.2d 827, 851 (E.D. Mich. 2012) (citing *Papelino v. Albany Coll. Of Pharm. Of Union Univ.*, 633 F.3d 81, 91-92 (2nd Cir. 2011).

Initiating formal action against a funding recipient is protected activity. Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1313 (6th Cir. 1989). An "adverse school related action" is any action that is reasonably likely to deter a charging party or others from engaging in protected activity. White v. Burlington N. & Santa Fe Ry., 364 F.3d 789, 797-98 (6th Cir. 2004). Close temporal proximity between the protected activity and adverse action, by itself, may be sufficient to establish the necessary causal connection. *See Papelino,* 6333 F.3d at 91.

Here, Plaintiff has alleged that Defendant has placed him on interim suspension and initiated a previously-intentionally-delayed Title IX misconduct action against him. Both are reasonably likely to deter a party from engaging in protected activity. Clearly, the Defendant has knowledge of this lawsuit, and Defendant took these actions only after Plaintiff prevailed in seeking a temporary restraining order from this Court. (Prior to his now-enjoined dismissal, Plaintiff was permitted to attend classes, turn in assignments, and to receive grades.). Plaintiff has further alleged temporal proximity and direct evidence of retaliation. Accordingly, Plaintiff alleges that making this retaliation claim in the context of this suit rather than a second lawsuit is proper and requests that this Court reconsider its ruling in this matter. Alternatively, should Plaintiff bring a second lawsuit prior to this Court's ruling on the instant motion, Plaintiff requests that this Court consolidate the actions and permit the filing of an amended and consolidated complaint.

**C.   Tennessee Law Permits Negligence Claims in Sexual Misconduct Cases to Proceed in Parallel to Contract Claims.**

Defendant concedes that under Doe v. Univ. of the South, No. 4:09-cv-62, 2011 U.S. Dist. LEXIS 35166, at *57, *34, *58 (E.D. Tenn. Mar. 31, 2011) that a plaintiff may pursue negligence and contractual claims in parallel. Defendant argues that Plaintiff's proposed Second Amended Complaint does not sufficiently pled a negligence claim because it has not pled a duty of care arising from anything but contract law. This statement simply ignores the crucial component of Plaintiff's proposed Second Amended Complaint, which states: "Defendant owed Plaintiff a duty of care to refrain from conduct that poses an unreasonable and foreseeable risk of harm," and "In Tennessee, Colleges and Universities owe their students a specific duty of care to manage sexual misconduct hearings in a fashion that avoids an unreasonable and foreseeable risk of harm. *Doe v. Univ. of the S.,* 2011 U.S. Dist. LEXIS 35166 (E.D. Tenn. 2011)." Plaintiff's complaint alleges two specific duties arising not from contract but from Tennessee common law. That the duties may partially overlap with Defendant's contractual duties is immaterial to whether Plaintiff has sufficiently alleged a duty of care for purposes of a negligence claim. Plaintiff's factual allegations (and the proof developed at the preliminary injunction hearing) demonstrate that Rhodes negligently managed the investigation and hearing in this cause in ways that are not specifically outlined in its Title IX policy. The record is replete with such faults, and Plaintiff need not cite each and every one when seeking leave to amend his complaint, but one in particular is highly relevant: Rhodes failed to charge a third student who was equally implicated in the alleged sexual misconduct despite having all of the information at its fingertips. Even though this failure is a component of Plaintiff's Title IX discrimination claims, even if Rhodes were to succeed in proving that it lacked a discriminatory motive, Plaintiff could still prevail on the negligence claim because

5

the deviation from the standard of care in investigating and resolving a sexual misconduct investigation is so severe that the deviation itself supports a general negligence claim. Plaintiff should at least be permitted to obtain and submit expert testimony to establish the standard of care in conducting sexual misconduct investigations and hearings and to demonstrate that Defendant's conduct breached that standard. Plaintiff requests that this Court grant him leave to amend his complaint.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion for Leave to File Second Amended Complaint.

> Respectfully submitted,
>
> BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.
>
> By:   /s/Brice M. Timmons
>         Brice M. Timmons #29582
>         Megan E. Arthur #25243
>         Christopher M. Williams #36256
>         530 Oak Court Drive, Suite 360
>         Memphis, TN 38117
>         (901) 762-0535 – Telephone
>         (901) 762-0527 – Fax
>         btimmons@blackmclaw.com
>         marthur@blackmclaw.com
>         cwilliams@blackmclaw.com
>         *Attorneys for Plaintiff*

6

        DONATI LAW, PLLC

        Bryce W. Ashby #26179
        1545 Union Avenue
        Memphis, TN 38104
        (901) 278-1004
        bryce@donatilaw.com
        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically, and Notice of this filing will be sent by operation of the Court's ECF system and via Email to the below counsel of record on this the 29Jth day of July, 2019:

James A. Haltom
Woods Drinkwater
Nelson Mullins Riley & Scarborough, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
james.haltom@nelsonmullins.com
woods.drinkwater@nelsonmullins.com
*Attorneys for Rhodes College*

Dan Cohen (*Pro hac vice*)
Jeff Daniel (*Pro hac vice*)
Ashley Akins (*Pro hac vice*)
Nelson Mullins Riley & Scarborough, LLP
Atlantic Station, Suite 1700
201 17th Street, NW
Atlanta, Georgia 30363
Phone: (404) 322-6223
dan.cohen@nelsonmullins.com
jeff.daniel@nelsonmullins.com
Ashley.akins@nelsonmullins.com
*Attorneys for Rhodes College*

        /s/Brice M. Timmons